DAVID M. WOOD *et al.*, Plaintiffs-Appellants, *v.* SCHOOL DISTRICT No. 65 *et al.*, Defendants-Appellees.

(No. 58571; ▉▉▉▉▉▉▉▉)

First District (3rd Division)—February 14, 1974.

G. James Arnett, of Chicago, for appellants.

William J. Scott, Attorney General and Bernard Carey, State's Attorney, both of Chicago (Bonny Sutker Barezky, Assistant Attorney General, and Sheldon Gardner and John A. Dienner, III, Assistant State's Attorneys, of counsel), for appellees.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs appeal from an order of the circuit court of Cook County dismissing their amended complaint for a declaratory judgment and injunction. On September 29, 1972, plaintiffs, alleging that they were parents of school children, property owners and taxpayers residing in School District 65 which includes all of the city of Evanston and part of the village of Skokie, filed their amended complaint in six counts concerning a school district referendum which had been held in March 1972. In the referendum, a majority of voters favored an increase of $.50 per $100 of assessed valuation to increase the amount of tax money available to School District 65.

Count I of the complaint charged in effect that residents of the school district voted in favor of the tax increase because school administrators and board members misrepresented the facts and figures for the need of a tax increase by wrongful use of school funds including the time of school personnel to prepare and distribute various letters and publications favoring the tax increase; that letters were distributed to the parents of school children in which it was falsely stated that unless the tax in-

crease was approved some teachers would have to be discharged, school quality would decline, and certain school services would be terminated; and that plaintiffs had been denied use of a mailing list containing the addresses of the parents of school children so that plaintiffs could communicate their disapproval of the tax increase. Plaintiffs sought a declaratory judgment that school officials grossly misrepresented the need for a tax increase; that the voters were denied the necessary information upon which to make an enlightened vote; and that the use of school funds to promulgate one side of a referendum was a misappropriation of school funds and that various officers so spending were guilty of misfeasance and malfeasance. Plaintiffs' last prayer in Count I was to enjoin the County Clerk from certifying the district's tax levy unless the tax increase was omitted. (The County Clerk was not served with summons, and apparently plaintiffs have abandoned their request for injunction.)

Count II of the amended complaint charged that one of the school board members, who served as a member of the board's wage negotiations committee, was married to a district school teacher; and that another school board member was an official of Encyclopedia Britannica with whom the district had contracts. Plaintiffs sought a declaration that the two school board members had a conflict of interest.

Count III, the only count addressed to the State Superintendent of Instructions and the County Superintendent of Schools, charged that those two officials and the school board deprived plaintiffs of their free speech and prompt and complete justice. The complaint conceded that the Election Code (Ill. Rev. Stat. 1967, ch. 46, par. 23—5) provided that election contests must be filed within 30 days after the election, and that such procedure was not followed in the present case; that plaintiffs were not contesting the results of the referendum; that the School Code (Ill. Rev. Stat. 1967, ch. 122, par. 3—10) requires the two elected officials to recognize the existence of a controversy; that the facts set forth in Count I revealed a controversy between plaintiffs and the school district; that on June 2, 1972, plaintiffs wrote to the County Superintendent concerning the controversy; that his response failed to comprehend the nature of the controversy; that on June 12 the State Superintendent arranged a meeting with plaintiffs, but that after the meeting no further action was taken.

Count IV sought damages from the school district and school board members in the amount of $9,577.42 plus attorney's fees and costs for misrepresentation. Count V prayed for a declaration that the school district and board be denied the use of any school funds for legal fees and expenses in defending their wrongful acts and omissions.

In their final count of the amended complaint, plaintiffs charged that

a letter was distributed under the direction and with the approval of the business manager of the school district by a representative of the Dual Enrollment Committee for the Evanston Council for Catholic Education, and that the letter was mailed through the school facilities using public funds. Plaintiffs sought a declaration that the use of public funds for sectarian purposes violated the state constitution.

Defendants filed motions to strike and dismiss the amended complaint, and plaintiffs filed memoranda in opposition. Defendants in turn filed reply memoranda. After considering the pleadings, the memoranda, and hearing argument, the trial court, on November 8, 1972, dismissed the complaint.

■■■ Without even considering the conclusionary nature of plaintiffs' complaint, we find that the trial court correctly entered an order dismissing the complaint. Courts shall refuse to enter declaratory judgments where it appears that the judgment order would not terminate the controversy or some part thereof, giving rise to the proceedings. (Ill. Rev. Stat. 1967, ch. 110, par. 57.1(1); *Spalding v. City of Granite City* (1953), 415 Ill. 274, 113 N.E.2d 567; *State Farm Mutual Automobile Insurance Co. v. Morris* (1961), 29 Ill.App.2d 451, 173 N.E.2d 590.) The issue in an action seeking declaratory relief is whether, considering all the circumstances, under the facts alleged, there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of declaratory judgment. (*Farmers Oil and Supply Co. v. Illinois Central R.R. Co.* (1972), 6 Ill.App.3d 965, 286 N.E.2d 68.) And if a complaint for declaratory judgment fails to show a controversy exists, or if the question involved is moot, the suit should be dismissed on motion. *Burgard v. Mascoutah Lumber Co.* (1955), 6 Ill.App.2d 210, 127 N.E.2d 464.

■■ We are of the opinion that the amended complaint fails to set forth a justiciable issue or controversy which would entitle plaintiffs to declaratory judgment. Any declaration on the court's part would not aid in the termination of the controversy or even of a portion of it, and therefore the trial court correctly dismissed the complaint. As plaintiffs concede, the present suit was not filed until after the statutory period for contesting the referendum had expired. Indeed, the plaintiffs agree that they are not attempting to overturn the results of the referendum. The trial judge, during argument, pointed out accurately that the whole case as it related to the referendum was post-factum. Thus there was no actual controversy of a justiciable nature. We note that defendants Martwick and Bakalis were not contacted by plaintiffs until at least 90 days after the referendum. At that point in time, there was nothing that either official could do concerning the referendum or its results.

■■ Plaintiffs urge that defendants denied them their First Amendment right to free speech, apparently basing this argument on their allegation that the school district refused to give them access to a mailing list of the parents of school children residing in the school district. We believe the plaintiffs were entitled to this list inasmuch as school officials in the district were making use of it to communicate their own views to the children's parents. And it may be that the plaintiffs prior to the referendum through proper proceedings could have successfully obtained access to the list, but we do not believe that the denial of its use can be deemed an infringement of plaintiffs' constitutional right of free speech. Additionally, plaintiffs were free to speak out and communicate with the electorate prior to the referendum, and had access to a voting list of the entire electorate of the school district from the County Clerk.

■■ We find no merit in plaintiffs' contention that advising parents of parochial students concerning the referendum constituted a use of public funds for sectarian purposes. Those parents were taxpayers within the school district and were entitled to be made aware of the benefits and burdens which would result from the referendum.

For the reasons stated, the order of the circuit court of Cook County dismissing plaintiffs' amended complaint is affirmed.

Order affirmed.

DEMPSEY and MEJDA, JJ., concur.