JOHN PASCHEN *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF WINNETKA *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 78-1150

Opinion filed June 26, 1979.

Suzanne S. Dawson, Alan I. Becker, and Jeremiah D. McAuliffe, all of Chicago, for appellants.

Edward H. Hickey, William R. Carney, Larry J. Thompson, and John J. Verscaj, all of Bell, Boyd, Lloyd, Haddad & Burns, of Chicago, for appellee The First National Bank of Winnetka.

Dean C. Cameron, of Schiff, Hardin & Waite, of Chicago (Joseph R. Lundy and Craig N. Oren, of counsel), for appellee Village of Winnetka.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

Plaintiffs appeal from a judgment of the Cook County Circuit Court dismissing with prejudice their complaint for declaratory judgment and other relief for failure to state a cause of action. Plaintiffs sought to prevent construction and inferentially the use of drive-in stations proposed to be used by the First National Bank of Winnetka (hereinafter "Bank") in conjunction with its branch bank building then being constructed, on the theory that the drive-in operation at that location would have the effect of converting the alley behind the premises into a street in contravention of certain ordinances.

During the pendency of this appeal, the Bank filed a "Report on Status and Motion to Dismiss Appeal" which purports to demonstrate that plaintiffs sought no preliminary injunction to restrain its construction; the subject facility has now been completed; and, therefore, the questions on appeal are now moot, involving abstract propositions of law, requiring dismissal of the appeal. As plaintiffs correctly observe, however, the thrust of the complaint is not to enjoin construction of the branch bank itself; their objection relates to the use of the alley in connection with the drive-in stations which remains a viable and justiciable issue. Accordingly, we decline to dismiss the appeal and now address the issues on their merits. For the reasons stated below, we affirm.

The subject corner property is located at the north end of a line of

commercial buildings on the west side of and facing Linden Avenue, a north-south business street, between Tower Road on the south and Gage Street on the north, in the Hubbard Woods business district of the village of Winnetka. The banking facility includes three drive-in stations located at the west end of the property to be operated in conjunction with the branch bank. Ingress to the drive-in stations is to be through the adjoining alley west of the subject property and egress is to be through a driveway connecting the property with Gage Street directly to its north. Bank customers may park on Gage Street or Linden Avenue and walk into the Bank, or they may utilize the drive-in teller stations at their convenience.

Plaintiffs identify themselves in their complaint as officers and members of school and civic organizations in the vicinity of the proposed banking facility and lessees and titleholders of property abutting the alley which adjoins the subject property, commonly known as 932 Linden Avenue. The complaint alleges that plans submitted by the Bank to the village of Winnetka (hereinafter "Village") provide sole "access" to the drive-in facility to be through the existing 16′ alley behind it. Vehicles would enter the alley northbound at Tower Road, enter the bank property through the alley, with egress northbound from the property onto Gage Street. As will be seen presently, part of plaintiffs' difficulty is generated by their unduly narrow construction of the term "access."

The complaint states that section 4—12(c) of the village code requires compliance with the village zoning ordinance before a building permit is granted; section 1 of the village zoning ordinance defines an alley as a public thoroughfare which affords only a secondary means of "access" to the abutting property; but that the alley here would operate as a primary means of access to the Bank. The complaint further alleges that the Village conferred special rights upon the Bank by its arbitrary and unreasonable actions in granting the building and driveway permits, thereby disregarding and violating its own laws and violating the property rights of abutting property owners and tenants, due process of law, and the public welfare and safety. The complaint prays for declaratory, injunctive and other relief, including that provided for in section 11—13—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 11—13—15).

The Village filed a motion to strike the complaint and dismiss the action on the ground that the complaint fails to allege any operative provision of law violated by the Village in issuing the permits in question. The Bank filed a similar motion stating that the complaint contained no allegations against the Bank; failed to allege any operating or regulatory provision of the village zoning ordinance which has been violated; and failed to allege the construction of a building or use of land by the Bank in

violation of the village zoning ordinance or that the plaintiffs will be substantially affected by the alleged violation.

By its order, the trial court allowed the motions to strike and dismiss, from which plaintiffs appeal.

Plaintiffs contend in this court for the first time that their complaint states causes of action under the public trust doctrine and under the Illinois Constitution, article VIII, section 1(a), in addition to their theory of code and ordinance violations pursued in the trial court. The Village and Bank renew their arguments made in the circuit court, contest plaintiffs' new arguments and assert that plaintiffs have waived these new arguments by their failing to have made them in the circuit court. Although we do not take defendants' waiver argument lightly (see *Brown v. Lober* (1979), 75 Ill. 2d 547, ___ N.E.2d ___), we elect to address plaintiffs' contentions on their merits.

■■ No charging allegations in which the Bank is alleged to have committed any illegal or improper acts appear in the complaint; it was, therefore, properly dismissed insofar as it attempted to state a cause of action against the Bank. *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799.

■■ The complaint does not cite any regulatory provision of the Village which would be violated by the issuance of the building and driveway permits in question. It does claim that the permits were invalid because the Village allegedly violated the definition section of the zoning ordinance which simply classifies an alley as "a public thoroughfare not over twenty (20) feet wide which affords only a secondary means of access to abutting property." This definition cannot operate as or be substituted for a regulatory provision of the ordinance. (See, *e.g., Krebs v. Thompson* (1944), 387 Ill. 471, 56 N.E.2d 761.) Further, it was admitted on oral argument, and an exhibit attached to the complaint demonstrates, that the Bank, being erected on corner property, would have primary access from Gage Street on the north as well as Linden Avenue on the east, clearly refuting the alley access theory. Therefore, if a definition could be violated, we fail to see how the alley here could operate as primary access to the Bank's property.

■■ Plaintiffs' theory appears to be founded substantially upon the assumption that the portion of the subject property on which the three drive-in teller stations are located must be considered separate and apart from the balance of the banking facility. No reason or authority has been suggested which warrants or permits such dichotomous treatment. It is clear from the pleadings and exhibits that the Bank is a single unit offering optional walk-in or drive-in services for the convenience of its customers. Primary access to the bank, therefore, is available through Linden Avenue

and Gage Street rather than the alley. Assuming, *arguendo*, that the separation inferentially suggested by plaintiffs is viable, their theory would fail nevertheless. The term "access" is not limited to ingress alone but denotes both ingress and egress. (*Stoner Manufacturing Corp. v. YMCA* (1958), 13 Ill. 2d 162, 168, 148 N.E.2d 441.) Otherwise, by merely reversing the traffic flow so that entry to the drive-in stations would be made from Gage Street instead of the alley, as once proposed at the Village hearing, the issue would evaporate. Thus viewed, "access" would be no more primary through the alley than through the driveway connected to Gage Street. There being no violation of any law or ordinance, nor any illegal activity perceivable with respect to the proposed construction or use, no basis for invoking section 11—13—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 11—13—15) can be discerned. The decision of the trial court in this regard was correct.

■█ ■ Turning now to plaintiffs' public trust theory, to state a cause of action under the public trust doctrine, facts must be alleged indicating that: certain property is held by a governmental body for a given public use; the governmental body has taken action that would cause or permit the property to be used for a purpose inconsistent with its originally intended public use; and such action is arbitrary or unreasonable, which constituents of such actions plaintiffs recognize in relying upon *Paepcke v. Public Building Com.* (1970), 46 Ill. 2d 330, 263 N.E.2d 11. The present complaint inferentially alleges that the Village holds the alley in question for public use; however, there is neither an allegation that the Bank's intended use of the alley is inconsistent with its present public use, nor an allegation of fact that would support such a conclusion. Nothing stated in the complaint permits the inference that the alley no longer could be used by abutting property owners or the public as it has been since its condemnation as such should the drive-in teller stations be established. The complaint merely alleges that the proposed use would be contrary to the public health, safety and welfare, and violative of certain ill-defined rights of plaintiffs. Plaintiffs have not and could not allege facts that would support a judgment finding the Village to have violated any public trust that might exist with respect to the alley in question under the circumstances of this case. The trial court's ultimate determination is equally applicable in this aspect of the cause.

■█ With respect to plaintiffs' argument concerning constitutional considerations, in order to proceed under article VIII, section 1(a) of the Illinois Constitution, facts must be alleged indicating that governmental action has been taken which directly benefits a private interest without a corresponding public benefit, as plaintiffs acknowledge having cited *O'Fallon Development Co. v. City of O'Fallon* (1976), 43 Ill. App. 3d 348, 356 N.E.2d 1293. The crucial test is whether the alley continues to

subserve the public interest and benefits the bank only incidentally. Stated another way, this issue is whether the Bank's access to the alley confers upon it a distinct and exclusive privilege to the use of the alley which is not equally available to the public and to adjoining property owners. (See *People ex rel. Healy v. Clean Street Co.* (1907), 225 Ill. 470, 80 N.E. 298.) We think not. Although plaintiffs' complaint can be construed as alleging governmental action benefiting a private interest, through the bare conclusion that the Village has given the Bank special rights, there is no factual allegation showing how the public interest will not continue to be served by the Village's action, as we have previously indicated and need not repeat here. The motions to dismiss were providently granted in consideration of plaintiffs' constitutional argument.

■■ No cause of action should be dismissed on the pleadings unless it clearly appears that no set of facts could be proved which would entitle plaintiff to relief (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790; *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 312 N.E.2d 259; *Burden v. Lobdell* (1968), 93 Ill. App. 2d 476, 235 N.E.2d 660). All well-pleaded facts, and all reasonable intendments inferable therefrom, must be taken as true. (*Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 112, 45 N.E.2d 20; *Cook v. Askew* (1975), 34 Ill. App. 3d 1055, 341 N.E.2d 13.) In the present case, however, plaintiffs have failed to plead sufficient facts upon which to establish the causes of action they now assert. When their complaint is given the benefit of all reasonable intendments, it does not appear that any possible set of facts in support of their allegations would entitle them to relief. Under any of the causes of action directly or inferentially pleaded by plaintiffs, it would be necessary to establish a change in the character of public use of the alley by reason of the proposed use in question; this plaintiffs cannot do for the simple reason that the public use of the alley will be unchanged when simultaneously utilized by bank customers.

For the foregoing reasons the judgment of the circuit court is hereby affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.