KIM R. DENKEWALTER *et al.*, Plaintiffs-Appellants, *v.* MARVIN WOLBERG, Defendant-Appellant.—(THE NEW HAMPSHIRE INSURANCE COMPANY *et al.*, Defendants-Appellees; GLENN P. SAPA *et al.*, Defendants.)

First District (3rd Division)    No. 79-634

Opinion filed March 26, 1980.

Denkewalter & Associates, Ltd., of Chicago, for appellants.

Philip H. Corboy & Associates, P. C., of Chicago (Philip H. Corboy and Michael W. Rathsack, of counsel), for appellant Marvin Wolberg.

Frank K. Heap and John J. Verscaj, both of Bell, Boyd, Lloyd, Haddad & Burns, Timothy G. Keating, of French & Rogers, Barry L. Kroll and David A. Novoselsky, both of Jacobs, Williams & Montgomery, Ltd., and Robert Marc Chemers and Joseph B. Lederleitner, both of Pretzel, Stouffer, Nolan & Rooney, all of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, Kim R. Denkewalter, John Garrido, Daniel Bartozewski, and Charles Barranco, brought this action for declaratory judgment

seeking to establish the existence of a contract of insurance between themselves and defendant New Hampshire Insurance Company. Glenn P. Sapa and his employer, Morency & Associates, Inc., plaintiffs' insurance agents, also were named as defendants. Plaintiffs subsequently joined as defendant, Marvin Wolberg, the person who was injured as a result of plaintiff Bartozewski's alleged negligence in the operation of plaintiffs' motorboat. Wolberg's legs were severed in the accident. Plaintiffs also named insurance brokers Bowes & Company, Inc., C. W. Service Agency, Inc., and Casualty Underwriters, Inc. (hereinafter broker defendants) as additional party defendants. The trial court granted the motions of New Hampshire and the broker defendants to dismiss plaintiffs' second amended complaint for failure to state a cause of action as to those defendants. The declaratory judgment action is still pending in the trial court against Sapa, Morency, and Wolberg. Plaintiffs and defendant Wolberg appeal the order which dismissed the action against appellees New Hampshire and broker defendants.

Plaintiffs' second amended complaint, filed on October 17, 1978, set forth the following relevant allegations. On July 7, 1976, plaintiffs applied to the Bank of Ravenswood for a loan on their boat. They were advised by the bank's loan officer, Ronald L. Ludewig, that insurance coverage was a prerequisite for loan approval. Denkewalter then contacted Sapa and Morency to act as plaintiffs' agents in procuring insurance coverage on the boat.

The complaint further alleged that on July 20, 1976, Sapa telephoned Denkewalter and informed him that he had bound insurance coverage on the boat in the amount of $300,000 with New Hampshire; that Sapa also indicated that he and Morency had used the brokerage services of the broker defendants in procuring the insurance. Denkewalter informed Ludewig by telephone that insurance had been bound. Ludewig in turn telephoned Sapa. Sapa "instructed" Ludewig that he had obtained and bound insurance with New Hampshire. Sapa stated that the bank would receive the policy within 30 days. Based upon Sapa's representations, plaintiffs' loan application was approved.

The complaint further charged that on July 27, 1976, while Bartozewski was operating the boat he was involved in the aforementioned accident; that Wolberg had sued the plaintiffs; and that despite demands, New Hampshire refused to defend plaintiffs in the Wolberg suit. The complaint charged that Sapa acted individually, severally and in concert with the broker defendants in binding insurance coverage with New Hampshire, and that New Hampshire's refusal to defend constituted a breach of an insurance contract. The complaint asserted that an actual controversy existed between plaintiffs and defendants.

Plaintiffs asked the court to determine the rights and liabilities of the

parties with respect to insurance coverage, and specifically, to declare that New Hampshire was plaintiffs' insurance carrier. Alternatively, plaintiffs sought a declaration that defendants were liable to defend and pay any judgment which might be entered against them in the Wolberg litigation on the ground that defendants' conduct caused plaintiffs to rely detrimentally on Sapa's representation that insurance had been bound. Among the exhibits attached to the complaint was a letter written by Denkewalter formally demanding that New Hampshire defend plaintiffs, and indicating it was his "understanding that Morency & Associates, Inc. received permission from Bowes & Company Inc. who had received authorization to bind from the New Hampshire group."

Appellees' motion to dismiss urged that the second amended complaint did not state a cause of action against them because it failed to plead allegations of fact showing that they had any contractual relationship with plaintiffs, or that they induced Sapa to make the alleged representations concerning insurance coverage. After considering the pleadings, memoranda, and arguments of counsel, the trial court granted the motion to strike and dismiss the second amended complaint as to appellees and ordered the cause to proceed against the remaining defendants.

■■ ■ The sole issue presented on appeal is whether plaintiffs' second amended complaint for declaratory judgment stated a cause of action as to appellees. The issue in an action for declaratory judgment is whether, under the facts alleged, there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant declaratory relief. (*Wood v. School District No. 65* (1974), 18 Ill. App. 3d 33, 309 N.E.2d 408.) Although the provision for declaratory relief should be construed liberally, a complaint for declaratory judgment must still state a cause of action upon which relief may be granted. (*Preferred Risk Mutual Insurance Co. v. Hites* (1970), 125 Ill. App. 2d 144, 259 N.E.2d 815; see *Gouker v. Winnebago County Board of Supervisors* (1967), 37 Ill. 2d 473, 228 N.E.2d 881.) Accordingly, a trial court may properly grant a motion to dismiss a complaint for declaratory judgment if the plaintiff is not entitled to the relief sought under the facts alleged in the complaint. See *Preferred Risk Mutual Insuance Co. v. Hites*; *Goldberg v. Valve Corp. of America* (1967), 89 Ill. App. 2d 383, 233 N.E.2d 85.

A motion to strike or dismiss a pleading admits all facts well pleaded together with all reasonable inferences which can be drawn from those facts. (See *Paschen v. Village of Winnetka* (1979), 73 Ill. App. 3d 1023, 392 N.E.2d 306; *Miller v. Veterans of Foreign Wars of United States* (1965), 56 Ill. App. 2d 343, 206 N.E.2d 316.) Such a motion does not admit conclusions of law or conclusions of fact unsupported by allegations of

specific facts upon which such conclusions rest. (*Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 169 N.E.2d 747; *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799.) To determine whether the complaint states facts or conclusions, the entire complaint must be considered as a whole and not in its disconnected parts. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428.) In ruling on a motion to dismiss, allegations of the complaint are to be interpreted in the light most favorable to the plaintiff. (See *Wooded Shores Property Owners Association, Inc. v. Mathews* (1976), 37 Ill. App. 3d 334, 345 N.E.2d 186.) Substantial averments of fact must be alleged in stating a cause of action, and liberal construction cannot supply fatal deficiencies such as necessary factual allegations. See *Gagne v. Village of LaGrange* (1976), 36 Ill. App. 3d 864, 345 N.E.2d 108; *Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101.

In their second amended complaint, plaintiffs sought to establish the existence of a contract of insurance and to secure a declaration of the rights and obligations arising under the contract. To plead properly the existence of a contract, however, it is necessary to allege facts sufficient to indicate offer, acceptance and consideration. (*Pollack v. Marathon Oil Co.*) Plaintiffs have failed to allege facts sufficient to state a cause of action against appellees. The pleadings lacks factual allegations necessary to establish the existence of any offer, acceptance or consideration. More specifically, there are no allegations of specific facts showing that plaintiffs or their agents, Sapa and Morency, ever contacted New Hampshire or the broker defendants regarding insurance coverage. The pleading is devoid of facts indicating that New Hampshire authorized any of the broker defendants to extend coverage on its behalf. Also missing are factual allegations that New Hampshire provided any quotations for insurance policies. Similarly, there are no allegations of fact that either plaintiffs, Sapa, or Morency ever discussed the terms or conditions of an insurance contract with any of appellees. The complaint even fails to allege that plaintiffs performed any obligations under an insurance contract.

Plaintiffs merely allege that Sapa, as their agent for procuring insurance, orally informed Denkewalter and the bank's loan officer that insurance in the amount of $300,000 had been bound with New Hampshire and that Sapa had used the services of the broker defendants. Plaintiffs also asserted in a letter to New Hampshire that it was their "understanding" that Morency received permission from Bowe, who had received authorization to bind from New Hampshire. There are no facts alleged to show when or from whom plaintiffs derived this understanding. These assertions are conclusory in nature and are unsupported by specific factual allegations showing that insurance had been

bound with New Hampshire or that Sapa had any basis or authority to make such representation. Absent such factual allegations, Sapa's representations do not subject appellees to liability.

Additionally, there are no factual allegations to support plaintiffs' conclusion that the broker defendants' conduct induced Sapa to make the alleged representation upon which plaintiffs relied. Specifically, there are no allegations of fact stating that the broker defendants had authority to bind New Hampshire; that any binder was made; that the broker defendants made, or authorized anyone to make, any representation that a binder was made; or that appellees even communicated with Sapa or Morency.

In essence, plaintiffs' claim that a contract of insurance existed with New Hampshire is a legal conclusion which is not admitted by the motion to dismiss. (See *Bray v. Illinois National Bank* (1976), 37 Ill. App. 3d 286, 345 N.E.2d 503.) Nor is the charge supported by sufficient allegations of specific facts. When viewed in a light most favorable to plaintiffs, the second amended complaint fails to allege facts disclosing the existence of any contractual relationship between plaintiffs and appellees, or of any misrepresentations made by appellees. Accordingly, the trial court properly dismissed the second amended complaint for declaratory judgment for failure to state a cause of action as to appellees.

Plaintiffs and Wolberg also contend that the trial court erred in failing to give them leave to file a third amended complaint and in not giving them an opportunity for discovery. The simple answer to the contention is that plaintiffs never requested an opportunity to file another complaint or to take discovery. At the hearing on the motion to dismiss, plaintiffs' counsel stated that the second amended complaint was more complete and "it has possibly every instrument that we have at our disposal." After so stating, counsel did not seek leave to file another complaint. Plaintiffs' argument is without merit.

For the reasons stated, the order of the circuit court of Cook County dismissing the complaint as to New Hampshire, Bowes, Casualty Underwriters, and C. W. Service, is affirmed.

Order affirmed.

McGILLICUDDY, P. J., and SIMON, J., concur.