*In re* MARRIAGE OF ESTELLE WEBER, Petitioner-Appellant, and LOUIS WEBER, Respondent-Appellee.

First District (3rd Division)   No. 1—88—0244

Opinion filed April 12, 1989.

Schiller, DuCanto & Fleck, Ltd., of Chicago (Sarane C. Siewerth, of counsel), for appellant.

Howard A. London, of Chicago, for appellee.

JUSTICE McNAMARA* delivered the opinion of the court:

Petitioner, Estelle Weber, filed a petition for dissolution of her marriage from respondent, Louis Weber, and incorporated by reference a three-count declaratory judgment petition. The trial court dismissed counts I and II of the petition for declaratory judgment on the basis that such a judgment would not terminate the controversy or some part thereof as required by section 2—701 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—701(a)). Petitioner appeals from that dismissal order. On this same date, we are issuing an opinion pertaining to an order of the trial court granting a preliminary injunction to Estelle. *In re Marriage of Weber* (1989), 182 Ill. App. 3d 212.

On November 23, 1987, petitioner sought dissolution of marriage and other relief. She alleged that the parties were partners in a publication business carried out through their business, Publications International, Ltd. (PIL), and Publications International Subscription Corporation, which businesses were the primary asset owned by the business partnership. Petitioner sought an equitable share of the marital property, including a one-half or greater interest in the business partnership, including 50% or more of the outstanding stock.

Counts I and II of the declaratory judgment petition sought a dec-

---

*Judge McNamara participated in this opinion prior to his transfer to the sixth division.

laration that the parties were equal partners in the business and that the partnership was the beneficial owner of certain corporation stock held in respondent's name; the dissolution of the partnership; and an order requiring respondent to transfer 50% of his stock to petitioner. (Count III sought an order of protection, a preliminary injunction and an accounting relative to the corporations. This is considered in our accompanying opinion.)

On December 21, 1987, the trial court granted respondent's motion to dismiss counts I and II of the petition for declaratory judgment.

■■ The granting or denial of a declaratory judgment is a matter within the trial court's discretion, and its determination will not be disturbed absent an abuse of that discretion. (*Krebs v. Mini* (1977), 53 Ill. App. 3d 787, 368 N.E.2d 159.) A trial court does not abuse its discretion in refusing to grant a declaratory judgment which would not terminate any part of the controversy. *Krebs v. Mini* (1977), 53 Ill. App. 3d 787, 368 N.E.2d 159 (declaratory finding that parties were partners would leave issues of terms or partnership and breach of those terms, and issuance or transfer of the stock, resulting in piecemeal litigation), citing *Farmers Insurance Group v. Harris* (1972), 4 Ill. App. 3d 372, 279 N.E.2d 789; see also *Outboard Marine Corp. v. James Chisholm & Sons, Inc.* (1985), 133 Ill. App. 3d 238, 478 N.E.2d 651.

■■ Section 2—701 provides that the trial "court shall refuse to enter a declaratory judgment or order, if it appears that the judgment or order, would not terminate the controversy or some part thereof, giving rise to the proceeding." (Ill. Rev. Stat. 1987, ch. 110, par. 2—701(a).) This requirement is intended to emphasize the fact that the declaratory judgment procedure is not meant to enable parties to secure advisory opinions or legal advice from the court with respect to expected future difficulties. (Ill. Ann. Stat., ch. 110, par. 2—701, Historical & Practice Notes, at 11 (Smith-Hurd 1983), citing *Exchange National Bank v. County of Cook* (1955), 6 Ill. 2d 419, 129 N.E.2d 1; *Spalding v. City of Granite City* (1953), 415 Ill. 274, 113 N.E.2d 567; *Saline Branch Drainage District v. Urbana-Champaign Sanitary District* (1948), 399 Ill. 189, 77 N.E.2d 158.) In addition, the phrase "or some part thereof" recognizes that litigation may include many parts and the administration of justice is advanced by avoiding piecemeal litigation. Ill. Ann. Stat., ch. 110, par. 2—701, Historical & Practice Notes, at 11-12 (Smith-Hurd 1983).

In the present case, a finding that respondent holds the PIL stock on behalf of the parties' partnership would not terminate any part of

the dissolution action. The court would be left with the task of dividing the business in just proportions under the appropriate statute. (Ill. Rev. Stat. 1987, ch. 40, par. 503(d).) Even if it found petitioner was a 50% owner of PIL, the court need not award that amount to either party. (See *In re Marriage of Sang Lee* (1979), 78 Ill. App. 3d 1123, 398 N.E.2d 126.) Often the court will avoid a division of a business where it would require the parties to continue a business association and demand a great deal of cooperation as to business and financial matters. See *In re Marriage of Hellwig* (1981), 100 Ill. App. 3d 452, 426 N.E.2d 1087.

■ Thus, whether or not a partnership exists would only be a preliminary question to the dissolution issues. The answer to the preliminary question would not resolve any part of the dissolution proceeding. This is a dissolution of marriage case where the preliminary determination of ownership of partnership shares as part of the marital estate is necessarily followed by the division between the parties under the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 101 *et seq.*), not under Illinois partnership law. A declaration that petitioner owned a partnership interest in PIL would not determine the ultimate disposition of that asset.

We find that the trial court did not abuse its discretion in dismissing counts I and II of the petition for declaratory judgment where the judgment order would not have terminated the controversy, or some part thereof, giving rise to the proceedings. See *Wood v. School District No. 65* (1974), 18 Ill. App. 3d 33, 309 N.E.2d 408.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

FREEMAN, P.J., and WHITE, J., concur.