Ferd De Anguera, d/b/a Pella Products, Plaintiff-Appellee, v. Lorenzo Arreguin, et al., and Castle Homes, Inc., Defendants-Appellants.

Gen. No. 67–104.

Second District.
February 28, 1968.

Guyer and Enichen, of Rockford, for appellants.

Barrick, Jackson and Switzer, of Rockford, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Winnebago County. The plaintiff filed suit to foreclose a mechanic's lien to recover the purchase price of certain windows and doors delivered to and used by defendant owner, Lorenzo Arreguin, in the construction of his residence. Plaintiff was awarded judgment in the sum of $2,844.06 and was granted a lien on the premises of defendant owner. From this decree defendant owner appeals.

The owner on September 5, 1964, entered into a contract with Wayne L. Johnson, a general contractor, wherein Johnson agreed to build a house on a lot owned by Arreguin. On November 24, 1964, Castle Homes, Inc., by and through Wayne L. Johnson, its Vice President, purchased certain windows and doors to be used in the owner's home from plaintiff, Ferd De Anguera, d/b/a Pella Products. The plaintiff furnished the materials

only; the contractor furnished the labor to install the windows and doors.

The windows were delivered to the construction site in the middle of January, 1965; the doors were delivered in February. Castle Homes, Inc. was billed shortly after March 8, 1965, for the entire contract price of the windows and doors in the sum of $2,844.06. Defendant owner withheld $2,000 of the payments due the contractor, defendant, Johnson, until certain necessary insulation glass was installed. On March 8, 1965, after all the glass had been installed, defendant owner paid Johnson the additional $2,000. No waivers of lien were received by defendant owner. In the spring of 1965 owner discharged Johnson as general contractor and found someone else to complete the home.

On or about November 8, 1965, two agents of plaintiff went to the owner's home, still under construction, and serviced the windows. The service consisted of removing leveling blocks, installing clamps and lock handles, rubbing paraffin on the weather strip and making other minor adjustments. This servicing took approximately 1½ hours. Thereafter, on December 6, 1965, plaintiff filed his statement for claim for mechanic's lien in the Recorder's Office. All proper notices were sent. Plaintiff has received no payments for the materials furnished to the owner's home. The suit in question was filed on February 7, 1966. A motion was granted to dismiss Wayne L. Johnson as a party defendant.

At the hearing there was no dispute as to proper installation of the windows and doors nor was there any dispute as to the value of the windows and doors. After full hearing, the trial court decided the contract was not completed until the hardware, including window cranks, was installed; until that time in November of 1965, the windows were inoperable. The trial court determined that

plaintiff was timely in his service of notice upon the owner of his claim for mechanic's lien and judgment was rendered in plaintiff's favor in the sum of $2,844.06 and he was granted a lien on the premises of the owner.

The complaint had alleged that the contract between defendant owner for the construction of his home was with Castle Homes, Inc. The proof at the trial showed that Wayne L. Johnson, Vice President and organizer of Castle Homes, Inc., had signed the construction contract individually. The complaint was in two counts. Count I alleged a contract between Castle Homes, Inc. and the defendant owner, Lorenzo Arreguin. Count II alleged a contract between Wayne L. Johnson individually and Wayne L. Johnson as officer and agent of Castle Homes, Inc. was entered into with defendant owner.

■ ■ The defendant owner contends that a subcontractor's rights to a lien are based upon the existence of a contract between the owner and the contractor and that a fatal variance exists when the complaint alleges a contract with one party and proofs show the contract with another. Here the construction contract was with Johnson individually. The order placed with the plaintiff was by Castle Homes, Inc., by Wayne L. Johnson, as Vice President of said corporation. Apparently, Johnson at this time was in the process of incorporating the construction business. The defendant owner had contacted the plaintiff for the materials a year before the construction contract was signed. He had knowledge that the plaintiff was to and did furnish the material for the job. A variance between the allegations and proof, in order to be fatal, must be substantial and material. The defendant owner was in no way prejudiced by the variance and it cannot be said that it was substantial or material under the facts herein set forth. United Cork Companies v. Volland, 365 Ill 564, 573, 7 NE2d 301.

■ The principal contention of the defendant owner is that the trial court erred in finding that the servicing

of the windows in November of 1965 was sufficient to extend the materialman's time for perfecting the mechanic's lien. The question is whether the work done by the plaintiff was trivial and inconsequential in character or was essential to the completion of the contract for the furnishing and installation of the windows. Defendant argues that Alexander Hendry Co. v. Mooar, 242 Ill App 516, and Schaller-Hoerr Co. v. Gentile, 153 Ill App 458, are controlling. The trial courts determined under the facts of those cases that the additional services rendered by the contractor were inconsequential and therefore did not extend the time for the filing of a mechanic's lien. In this case the trial court determined that the services performed in November of 1965 were not inconsequential and, in fact, specifically found that without the servicing performed in November of 1966 the windows would be inoperable.

This court is asked to determine that the trier of facts ruled contrary to the manifest weight of the evidence. After giving full consideration to all of the conflicting evidence on the issues we cannot hold that the findings of the trial court were against the manifest weight of the evidence. Elgin Lumber & Supply Co., Inc. v. Malenius, 90 Ill App2d 90, 232 NE2d 319, 323. A careful review of the record does not persuade us that the trial court ruled contrary to the manifest weight of the evidence and, therefore, the judgment of the lower court is affirmed.

Judgment affirmed.

DAVIS, P. J. and MORAN, J., concur.