REVEREND BERNARD BODEWES, Plaintiff-Appellant, *v.* BISHOP ALBERT R. ZUROWESTE *et al.,* Defendants-Appellees.

(No. 73-54;

Fifth District—October 16, 1973.

*Rehearing denied November 15, 1973.*

Cohn, Carr, Korein, Kunin & Brennan, of East St. Louis, (Rex Carr, of counsel,) for appellant.

Sprague, Sprague and Ysursa, of Belleville, (John R. Sprague and N. Dean Nester, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal from an action in contract brought by plaintiff-appellant. Defendants-appellees moved to dismiss the plaintiff's amended complaint and the motion was granted.

Appellant is a priest in the Catholic Church in the Catholic Diocese of Belleville. According to the statement of facts appearing in both the appellant's and appellees' briefs, he was appointed by appellee, Albert R. Zuroweste, Bishop of the Catholic Diocese of Belleville, acting in his official capacity, to work at St. Columbia Mission in Cairo, Illinois to better the economic, temporal, and spiritual conditions among the poor persons of that area. This appointment was effective in April 1969. Appellee Zuroweste, acting in his official capacity, promised to pay plaintiff a salary of $200 a month plus $500 per month for the support and maintenance of the St. Columbia Mission. In his amended complaint, appellant alleges that he has performed the obligations imposed upon him by the appointment, but that since January 1, 1971 appellees have wilfully refused to pay the appellant or to perform the agreement on their part. Appellant claimed damages in the amount of $9,450.

The appellees' motion to dismiss the appellant's amended complaint was based on the theory that the trial court lacked jurisdiction of the subject matter because the suit involves the relationship between the organized church and one of its ministers, and hence is a matter of solely ecclesiastical concern. Appellees do not deny the existence of the contract or that the facts regarding the contract are well pleaded. Therefore, it is not necessary for this court to examine in detail cases cited by appellant to support his contention that a cause of action had been properly presented to the court. The general requirement, as stated in *Rehwald v. Seelandt*, 90 Ill.App.2d 89, 232 N.E.2d 58, that a complaint for breach of contract must allege the existence of a contract, breach of the contract by the defendant, and damages to the plaintiff as a consequence, was met. Also, since the appellant alleged that he had performed all conditions on his part to be performed, the requirement of Supreme Court Rule 133(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 133(c)) was met.

We will proceed therefore, to the main issue in this case—namely, whether or not the trial court had jurisdiction to entertain the cause.

Appellees maintain that civil courts cannot entertain suits involving the administration of church affairs and the relationship of the church to its ministers, even with respect to salary, since these are matters of ecclesiastical concern. Appellant maintains that matters of ecclesiastical or church doctrine are not involved, that a contractual right is a property right, and that therefore the trial court had jurisdiction.

We have examined the authorities relied upon by the appellant

and appellees, and it is our conclusion that the trial court had jurisdiction to entertain the cause.

Appellees cite a number of United States Supreme Court cases, culminating in *Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658, establishing and supporting the "wall of separation" doctrine. This doctrine grew out of the First Amendment prohibition against Congress making any "*   *   * law respecting an establishment of religion or prohibiting the free exercise thereof." We are in agreement with the general principles enunciated in these cases. Furthermore, we recognize that the Fourteenth Amendment has been interpreted as a bar against interference with religious freedom by the states. This has been true at least since 1940 when *Cantwell v. Connecticut*, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 was decided, though in an earlier case, *Hamilton v. Regents of the University of California*, 293 U.S. 245, 55 S.Ct. 197, Justice Cardozo stated in a concurring opinion: "I assume for present purposes that the religious liberty protected by the First Amendment against invasion by the nation is protected by the Fourteenth Amendment against invasion by the states."

Appellant cites section 46e of the Religious Corporation Act (Ill. Rev. Stat. 1971, ch. 32, par. 180) which states that the trustees of church congregations shall have power to "*   *   * contract and be contracted with, sue and be sued, plead and be impleaded  *   *   *." While this section gives jurisdiction to the civil courts, it is conditioned by any prohibitions which may emanate from the First and Fourteenth Amendments.

■■■ The "wall of separation" theory urged by appellees is a generalized statement of a principle, which like most principles of law, has recognized exceptions. The primary objectives of the First Amendment were to assure that freedom of worship would not be interfered with by the government, that the government would not adopt a state religion, and that it would not in any way recognize one religion over another. It was not the intent of that amendment, and it has been so held in many cases, that civil and property rights should be unenforceable in the civil courts simply because the parties involved might be the church and members, officers, or the ministry of the church. It was not intended as a shield to payment of a just debt when the purpose of the First Amendment is not being violated. Ministers have been awarded their salary in suits against the church. (*Daly v. St. Patrick's Catholic Church*, 97 Ill. 19; *St. Patrick's Catholic Church v. Daly*, 116 Ill. 76, 4 N.E. 241; *Bird v. St. Mark's Church of Waterloo*, 62 Iowa 567, 17 N.W. 747; *Jennings v. Scarborough*, 56 N.J.L. 401, 28 A. 559; *Way v. Ramsey*, 192 N.C. 549, 135 S.E. 454.) In the latter case the court stated "*   *   * the

question of liability for the salary of a minister or pastor is governed by the principles which prevail in the law of contracts, and it is generally held that a valid contract for payment of such a salary will be enforced." Appellees cite no cases holding that the First Amendment prohibits the enforcement of contract between a priest and a bishop.

Reversed and remanded.

G. MORAN, P. J., and CREBS, J., concur.