BROWN & SHINITZKY CHARTERED, Plaintiff-Appellant, *v.* THOMAS A. DENTINGER *et al.*, Defendants-Appellees.

First District (1st Division)   No. 82—2590

Opinion filed September 19, 1983.—Rehearing denied October 31, 1983.

Edwin J. Shinitzky, of Chicago (Nelson Hembree, of counsel), for appellant.

Michael L. Pritzker, *pro se*, and Marcia L. Smith, both of Chicago, for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Brown & Shinitzky, a professional corporation, appeals from a judgment dismissing its complaint against one of the defendants, Michael L. Pritzker. On appeal, plaintiff raises two issues: whether the trial court erred in dismissing plaintiff's action as barred by the Statute of Frauds and whether the trial court erred in denying plaintiff discovery against Pritzker in order to allow plaintiff to cure defects in its complaint.

Plaintiff brought suit in the circuit court of Cook County seeking to recover fees for legal services provided in pursuing a petition for reorganization under chapter XII of the Bankruptcy Act on behalf of the limited partnership known as the 185 North Wabash Associates. Plaintiff sued the general partner, Thomas A. Dentinger and the limited partners, Michael L. Pritzker, Leon D. Shapiro and Marvin J.

Glass. Plaintiff's amended complaint alleged that at the request of each of the partners plaintiff performed legal services for the partnership; that notwithstanding their capacity as limited partners, Pritzker, Shapiro and Glass each individually guaranteed payment to plaintiff of its professional fees on behalf of defendants; and, that after all set-offs $7,653 remained owing plaintiff.

Defendant Pritzker filed a motion to dismiss pursuant to section 48(1)(g) (Ill. Rev. Stat. 1981, ch. 110, par. 48(1)(g)) and alleged that he was at all times a limited partner of the 185 North Wabash Associates. Pritzker further alleged that as there was no written statement exhibiting a personal guarantee executed by him, plaintiff's complaint fails to state a cause of action against him. In response to Pritzker's motion, plaintiff alleged that its complete performance of the contract prevents Pritzker from asserting the Statute of Frauds as a defense. Plaintiff also filed the affidavit of Raymond M. Brown, plaintiff's president. Brown stated that each defendant participated in numerous meetings with plaintiff concerning the reorganization of 185 North Wabash Associates, and each defendant authorized plaintiff to file the petition for reorganization of the partnership. Brown also stated that on numerous occasions each defendant, and specifically Pritzker, advised plaintiff that he would personally guarantee payment of plaintiff's fees and costs. In a counteraffidavit, Brown further stated that Dentinger advised him that management of the partnership funds was being handled by Pritzker and that plaintiff should collect any fees due from Prtizker. Brown stated that when he contacted Pritzker, Pritzker advised him that Pritzker was collecting funds for the sale of the partnership's assets and when those funds became available, Pritzker would pay plaintiff's outstanding bill.

Pritzker filed a counteraffidavit stating that he never met with Brown in regards to any partnership matter; that all services performed by plaintiff were for the benefit of the partnership; that he never personally guaranteed payment of plaintiff's fees; and, that after the services were performed, he had his only conversation with Brown in which he told Brown to contact a general partner because he, Pritzker, was merely a limited partner. The trial court granted defendant's motion to dismiss.

In its argument before this court, plaintiff has conceded that its complaint is for Pritzker's breach of his personal promise to pay for the debt of the partnership and not against Pritzker for the partnership's breach. Plaintiff contends, however, that the Statute of Frauds is not a bar to the enforcement of defendant's oral contract. Plaintiff argues that where there is complete performance by one party, the

nonperforming party cannot assert the Statute of Frauds as a defense to an action to enforce the contract. (*Kozasa v. Guardian Electric Manufacturing Co.* (1981), 99 Ill. App. 3d 669, 425 N.E.2d 1137.) Pritzker denies that he made any personal guarantee of sums owed by the partnership. Pritzker further contends that even if he did, such an unwritten guarantee is unenforceable under the Statute of Frauds.

The Statute of Frauds provides:

> "No action shall be brought *** whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person *** unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." (Ill. Rev. Stat. 1981, ch. 59, par. 1.)

A promise to pay the debt of another which is not written and duly signed cannot be enforced either at law or in equity. (*Reisch v. Bowie* (1937), 367 Ill. 126, 10 N.E.2d 663.) In *Evans v. Owens* (1961), 30 Ill. App. 2d 114, 173 N.E.2d 850 (abstract of opinion), the court stated,

> "A promise to pay the debt of another is within the Statute unless it is founded upon a new and independent consideration passing between the newly contracting parties and independent of the original contract. In the absence of such a consideration the promise is collateral. And a collateral promise whether made before or after or contemporaneous with the promise of the primary or original debtor is void unless in writing. *Laughlin v. Dalton*, 200 Ill. App. 342."

Neither party contests the fact that the defendant's alleged oral guarantee to pay the legal fees of the partnership is without independent consideration. Plaintiff seeks to avoid the application of the statute by arguing that its contract is executed as opposed to executory, and, therefore, cannot be voided by the Statute of Frauds. (*Mapes v. Kalva Corp.* (1979), 68 Ill. App. 3d 362, 386 N.E.2d 148.) Plaintiff, however, has not cited any authority for the position that this exception which is normally applied to the Statute of Frauds provisions requiring a writing for the transfer of land and for contracts not to be performed within the space of one year (see *Meyer v. Logue* (1981), 100 Ill. App. 3d 1039, 427 N.E.2d 1253) applies with equal force to the Statute of Frauds provisions on surety contracts.

■ An application of an executed contract exception to the surety provisions of the Statute of Frauds would render these provisions totally meaningless. A performing party in normal circumstances does

not attempt to enforce a surety contract until after performance under the contract is complete and the primary debtor has failed to satisfy his obligation. We will not apply an exception to the Statute of Frauds provision requiring that a promise to answer for the debt of another be written which would destroy the effect of that provision.

Under the State of Frauds, an oral contract to guarantee the debt of another is unenforceable. The affidavits and pleadings of the parties clearly show that the alleged contract at issue here falls within the Statute of Frauds. Therefore, the trial court properly dismissed plaintiff's suit.

■ Additionally, plaintiff claims that the trial court erred in denying it discovery against Pritzker in order to allow plaintiff to cure defects in its complaint. In deciding Pritzker's motion pursuant to section 48, the trial court had before it the pleadings of the parties and affidavits of the principals which admitted all relevant facts. It is difficult to imagine how discovery could change the outcome of this case. The trial court did not err in denying plaintiff's motion for discovery.

Accordingly, the decision of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and GOLDBERG, J., concur.