GEORGE JAKUBIK, d/b/a Jakubik Insurance Agency, Plaintiff-Appellee, v. HARRY ROUNIS, Defendant-Appellant.

First District (4th Division)  No. 87—3359

Opinion filed September 30, 1988.

JIGANTI, P.J., dissenting.

William G. Pintas & Associates, of Chicago, for appellant.

Struck, Schlake & Schlake, of Skokie, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff filed this action to recover on an oral promise made by defendant to pay certain debts incurred by a third party. Following a bench trial, judgment of $3,246 was entered in behalf of plaintiff. On appeal, defendant contends that even if he had made an oral promise to pay the debt, the Statute of Frauds (Ill. Rev. Stat. 1985, ch. 59, par. 1) would preclude plaintiff's recovery and the evidence was insuf-

ficient to support the court's "piercing of the corporate veil."

According to the agreed report of proceedings, the following evidence was presented: plaintiff testified that prior to the incident he and defendant had been business partners and personal friends. On November 17, 1983, defendant promised plaintiff that he would be personally responsible for payment of present and future insurance premiums for Fruitful Season's Produce, Ltd. On April 6, 1984, plaintiff advised defendant that he would not extend additional insurance coverage because of defendant's failure to pay the balance due of $3,246 on previously issued policies.

Defendant also testified that he and plaintiff had been friends and business partners. Defendant acknowledged that he had paid plaintiff for insurance coverage, but did not remember if the payments were made through corporate or personal funds. On April 6, 1986, he paid $100 for insurance coverage as a "gift" to plaintiff. Although defendant could not remember when he made personal promises to plaintiff, he denied that he had promised to assume personal liability for insurance coverage for the corporation. Defendant also stated that $100 of plaintiff's claims for premiums was owed by another shareholder.

After hearing closing argument and hearing the evidence, the trial court found that the "corporate veil" had been "pierced" and that defendant was personally liable to plaintiff for $3,246.

■ We must now consider defendant's contention that even if he had made an oral promise to pay plaintiff, recovery was precluded by the Statute of Frauds. (Ill. Rev. Stat. 1985, ch. 59, par. 1.) Statutes of fraud are designed to prevent false claims by requiring a writing to evidence the parties' contractual intent (*Meyer v. Logue* (1981), 100 Ill. App. 3d 1039, 1043, 422 N.E.2d 1253), but are inapplicable when there has been performance by one of the contracting parties in reliance upon the agreement (*Thilman & Co. v. Esposito* (1980), 87 Ill. App. 3d 289, 297, 408 N.E.2d 1014) as a result of the well-settled rule in Illinois that executed, as opposed to executory, contracts are never voided by the Statute of Frauds. *Kozasa v. Guardian Electric Manufacturing Co.* (1981), 99 Ill. App. 3d 669, 677, 425 N.E.2d 1137.

■ In the instant matter, the evidence presented by plaintiff and accepted as true by the trial court established that the parties orally agreed that plaintiff would provide insurance coverage for defendant's corporation and that defendant would pay the premiums. Although plaintiff fully performed as promised, defendant failed to pay the premiums due and incurred a debt of $3,246. Although plaintiff demanded payment from defendant, the obligation was never paid. As a result of plaintiff's full performance in reliance upon defendant's

promise, the contract was enforceable and was not governed by the Statute of Frauds.

■■ As to defendant's contentions that the evidence was insufficient to support the trial court's "piercing of the corporate veil," we note that defendant has failed to cite any authority to support this argument. We may deem waived any issue which has not been properly presented to this court for review. (*Thrall Car Manufacturing Co. v. Lindquist* (1986), 145 Ill. App. 3d 712, 719, 495 N.E.2d 1132.) Under the circumstances, we consider this issue waived.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

*Affirmed.*

LINN, J., concurs.

PRESIDING JUSTICE JIGANTI, dissenting:

I respectfully dissent from the majority opinion. Two issues are raised by this appeal. The first is whether this is a matter encompassed by the Statute of Frauds. If so, the next question is whether the Statute of Frauds is an appropriate defense to the action.

The Statute of Frauds would not be implicated if the main purpose of Rounis' promise was for his own economic advantage. (*Swartzberg v. Dresner* (1982), 107 Ill. App. 3d 318, 324, 437 N.E.2d 860.) Section 116 of the Restatement (Second) of Contracts sets forth the rule most clearly:

> "A contract that all or part of a duty of a third person to the promisee shall be satisfied is not within the Statute of Frauds as a promise to answer for the duty of another if the consideration for the promise is in fact or apparently desired by the promisor mainly for his own economic advantage, rather than in order to benefit the third person." (Restatement (Second) of Contracts §116, at 299 (1981).)

Comment *b* explains that the mere fact that there is consideration for the surety's promise to pay is insufficient to support the application of the main purpose rule. Nor is slight or indirect possible advantage to the promisor considered sufficient. Instead, the expected advantage to the promisor must be great enough to justify the conclusion that his main purpose in making the promise was to advance his own interest. (Restatement (Second) of Contracts §116, comment *b*, at 300 (1981).) In a "main purpose" situation, the gratuitous element often found in a suretyship contract is not present and the evidentiary safeguards

commonly found in the commercial context are likely to exist.

The only evidence that the main purpose of Rounis' promise was to advance his own economic advantage was Rounis' comment that there were only two other shareholders in the corporation. The record, therefore, does not contain sufficient facts to support the conclusion that Rounis made the promise in question primarily to advance his own interest rather than merely acting as a surety for the debt owed by Fruitful Seasons. (See Annot., 35 A.L.R.2d 906, 908 (1954).) Thus, Jakubik failed to meet his burden of establishing that Rounis' promise came within the main purpose rule.

Since this matter comes within the Statute of Frauds, the next specific question posed is whether the fact that the contract has been fully performed acts to prevent Rounis from raising the statute as a defense to the contract. Full performance can bar the Statute of Frauds from being raised as a defense to some actions. (*David v. Schiltz* (1953), 415 Ill. 545, 114 N.E.2d 691.) However, I do not believe that it does so in a suretyship case because it does not comport with the rationale of the suretyship provision of the Statute of Frauds and is not supported by case authority. The reason for requiring a writing in suretyship situations is to guard the promisor against ill-considered actions. Also, because the motivation of the surety is often gratuitous or contingent upon what may seem like a remote possibility, the natural formalities attending contract formation may not be observed and reliable evidence of the existence and terms of the surety's undertaking may therefore be lacking. (Restatement (Second) of Contracts §112, at 292 (1981).) That rationale is fully applicable to the case at bar. We have previously addressed this problem in the case of *Brown & Shinitzky Chartered v. Dentinger* (1983), 118 Ill. App. 3d 517, 455 N.E.2d 128, where we held that full performance of a surety contract did not remove the case from the Statute of Frauds. The *Brown* court aptly noted that to do so "would render [the suretyship] provisions totally meaningless." (*Brown*, 118 Ill. App. 3d at 519, 455 N.E.2d at 130.) I am unaware of any case that has held otherwise.

I would reverse the judgment of the trial court.