## CIRCUIT COURT OF CHESTERFIELD COUNTY

Calcourt Properties, Inc.

v.

Barnes Construction Co., Inc.

June 1, 1990

Case No. (Chancery) 90-87

By JUDGE WILLIAM R. SHELTON

This case requires us to determine two issues; whether the mechanic's lien was timely filed and whether the lien is invalid because it covered a lot which had been conveyed prior to the recordation of the lien.

The owner-general contractor, Calcourt Properties, Inc., and a subcontractor, Fred W. Barnes Construction Co., Inc., entered into a contract by which Barnes was to install water and sewer lines in a residential subdivision known as Tillers Ridge. Barnes completed work on this job on July 31, 1989. On August 3, 1989, Barnes returned to fix a leaking shut-off valve. On November 22, 1989, Barnes filed a mechanic's lien which was apportioned among the lots in the subdivision as set forth in Va. Code § 43-3(b). Barnes's lien covered the sixteen lots which he thought Calcourt still owned. One of these lots, lot number 2, had been conveyed to another party by a metes and bounds description prior to the recordation of the mechanic's lien.

Va. Code § 43-4 provides, in part, that in order to perfect the lien under § 43-3, a memorandum must be

filed in the proper clerk's office "any time after the work is commenced or material furnished, but not later than ninety days from the last day of the month in which he last performs labor or furnishes material . . . ." Va. Code § 43-4. Calcourt Properties argues the lien is invalid because the memorandum was not timely filed. Calcourt's position is that the last work by Barnes was performed on July 31, 1989. This would require that any lien be filed by the last day in October, 1989. The work done on August 3, 1989, was repair work, and it should not be considered in determining the filing deadline under Section 43-4. Barnes argues that the repair work performed on August 3, 1989, should be the date from which the filing deadline is determined. Using August 3, 1989, as the last date on which labor was performed would allow for the lien to have been filed any time up to the last day of November.

There is no authority in Virginia on what effect repair work done after the completion of a job has on determining the filing date pursuant to § 43-4. An examination of the law in other jurisdictions establishes as a general rule that if the contract was fully or substantially performed, or the work of the claimant completed before the performance of such labor, the time for filing is not extended. This rule should be interpreted in light of its purpose which is to prevent lienholders from unreasonably or indefinitely postponing the time for filing a lien memorandum by making minor adjustments, periodic tests, or service calls. *See* 51 A.L.R.3d 1087 at 1092. The common factors to be analyzed in determining whether the work done qualified as a final finishing of labor for purposes of the statute specifying the time within which the lien claim must be filed is whether the work was done in good faith, within a reasonable time, in pursuance of the terms of the contract, and whether it was necessary to a finished job. *See De Anguera v. Arreguin*, 92 Ill. App. 2d 381, 234 N.E.2d 808 (1968); *Conlee v. Clark*, 14 Ind. App. 205, 42 N.E. 762 (1896); *Durmmy v. Sten*, 269 S.W.2d 198 (Ky. 1954).

Applying these factors to the case at hand, it is clear that the work was done in good faith and with no intention of prolonging the lien filing time. The leak was discovered and taken care of within three days of

the completion date. This Court feels that the short period of time between what was thought to be a completion of the job and the discovery of a faulty shut-off valve indicates that this repair was a continuation of the existing contract. It appears in this case that the correction of the faulty valve occurring so shortly after completion of the job was indeed in pursuance of the contract and was necessary to render a completed contract. Based on these facts, the Court finds that the lien filing date should run from August 3, 1989, the date of the repair. Thus, the lien in question was timely filed.

Calcourt also argues that the mechanic's lien is invalid on the basis that it contained a lot which had been conveyed prior to the recordation of the lien. As authority for this, Calcourt cites *Rosser v. Cole*, 237 Va. 572 (1989). In *Rosser*, the Court held that a blanket lien for roads in a subdivision cannot apply to the individual lots therein when the lien is filed as a blanket lien. *Id*. Thus, the lien is invalid. This Court does not feel that the *Rosser* case is applicable here, as the lien in this case is not a blanket lien but was instead filed on a per lot basis pursuant to Va. Code § 43-3(b).

The memorandum Barnes filed covered sixteen lots. The amount of the claim was apportioned among all twenty-nine lots as called for in Va. Code § 43-3(b). One of the sixteen lots against which the lien was filed was sold prior to the recordation of the lien (lot two). Va. Code § 43-3(b) states that "no such lien shall be valid as to any lot or condominium unit unless the person providing such labor or materials shall, *prior to the sale of such lot or condominium unit*, file with the clerk. Thus, the lien on the lot which was conveyed prior to the filing of the memorandum is clearly invalid.

However, this Court does not feel that this invalidates the liens remaining on the fifteen other lots that were still owned by Calcourt when Barnes filed his memorandum of lien. Va. Code § 43-15 provides that:

> *Inaccuracies in memorandum or description not affecting lien.* -- No inaccuracy in the memorandum filed, or in the description of the property to be covered by the lien, shall invalidate the lien, if the property can be reasonably

identified by the description given and the memorandum conforms substantially to the requirements of §§ 43-5, 43-8, and 43-10, respectively, and is not willfully false.

While there was an inaccuracy in the description of the properties owned by Calcourt and to be covered by the lien, the inaccuracy was not willfully false, the property was still reasonably identified by the description given, and the memorandum was in substantial conformity with § 43-5.

Finally, concerning the inclusion of the lot not owned by Calcourt, Calcourt argues that any enforcement of the lien would be inequitable because the per lot amount is wrong. The Court finds no merit in this argument. The per lot valuation is determined by using one as the numerator and the number of lots as the denominator. This is provided for by statute so that each lot bears its proportionate share of the lien but no more than that. In this case there are twenty-nine lots; the proportional share of the total amount owed on each lot was 1/29 of $44,668.00 or $1,540.22 per lot. Barnes is secured to the extent of 15/29 of his contract for a total of $23,103.30. Lot number 2 will not be included, but this does not make the original per lot evaluation improper; it reduces the amount Barnes has secured.