## CIRCUIT COURT OF FAIRFAX COUNTY

Valley Blox, Inc.

v.

Linpro Chantilly Land
Limited Partnership et al.

January 8, 1991

Case No. (Chancery) 117877

By JUDGE J. HOWE BROWN

This case is before the Court upon the Demurrer of Bowl America, Inc. (Bowl America) to the Intervening Petitions of Bull Run Stone Service Company, Inc. (Bull Run) and Hydro Conduit Corporation (Hydro Conduit). The Court heard argument on January 4, 1991, and has considered the argument and the papers filed.

Simply stated, Bull Run and Hydro Conduit performed work on the sewers, streets, or water lines in a commercial shopping center type development. One unit in the project was sold to Bowl America before the time to file a mechanic's lien had run as to Bull Run and Hydro Conduit. After the sale, Bull Run and Hydro Conduit filed their mechanic's lien and also filed the disclosure statement required in Va. Code § 43-3 (1990 Repl. Vol.). Bowl America contends that the liens are not valid as to its unit because the Code states that "no such lien shall be valid as to any lot . . . unless the person providing such labor or materials shall, prior to the sale of such lot . . . file . . . a document setting forth a full disclosure of the nature of the lien to be claimed . . . ." Va. Code § 43-3(b) (1990 Repl. Vol.).

Mechanics' lien rights are purely creatures of statute. Va. Code § 43-3(b) provides for a lien on individual lots

in a development for persons who provide labor or materials, not to that individual lot, but to the streets, etc., in the development generally. The legislature did not have to provide any such right. In providing the right, the legislature could impose such restrictions as it deemed wise. The court should read and apply the plain words of the statute. The statute says the disclosure statement must be filed before sale of the lot. The word "sale" is not qualified. Bull Run and Hydro Conduit urge the Court to add the words "sale after mechanic's lien filed" to the statute. There is no justification to the Court to do so. As our Supreme Court has stated: "the very existence and continuation of the lien, as well as the jurisdiction of the court to enforce it, rest upon compliance with the statute and not upon equitable principles." *Wallace v. Brumback*, 177 Va. 36, 40 (1941). The Court must assume that the legislature intended a different lien right to accrue to one who performs work on the lot itself than that available to one who performs work on the project generally, as in this case.

The demurrer is sustained.