## CIRCUIT COURT OF FAIRFAX COUNTY

Roundtree, L.L.C., et al.

v.

RAM Development Corp.

May 14, 1998

Case No. Ch. 154389

BY JUDGE JANE MARUM ROUSH

This matter came upon the motion of Roundtree, L.L.C., and Schupp Development Corporation, pursuant to Va. Code § 43-17.1, to invalidate certain mechanic's liens filed by RAM Development Corporation against Lot 4 of the Roundtree Estates subdivision in Fairfax County. After a hearing on the matter on May 8, 1998, the court took the motion under advisement. The court has had the opportunity to consider the matter fully and is of the opinion that the mechanic's liens on Lot 4 are invalid.

A brief recitation of the facts is appropriate. RAM Development Corporation contracted to provide storm water facilities that benefited four lots in the Roundtree Estates subdivision. RAM recorded disclosure statements and five memoranda of mechanic's liens on March 25, 1998, and April 9, 1998, against the four lots claiming that payment was due for the work performed. The liens applied to the off-site work done by RAM, and the disclosure statement was filed by RAM against the four lots fractionally, pursuant to Va. Code § 43-3(B). Lot 4 was conveyed to Mr. and Mrs. Jensen by deed recorded December 17, 1997, prior to the recordation of both of the disclosure statements. RAM completed its work on the project in January of 1998, after the Jensens took title to the lot.

The single, dispositive issue in this motion concerns the timing of the filing of the disclosure statements pursuant to Va. Code § 43-3(B) against Lot 4. The petitioners argue that RAM's liens against Lot 4 are invalid because the disclosure statements were not filed until after Lot 4 was sold to Mr. and Mrs. Jensen. Section 43-3(B) of the Virginia Code provides that claims made

by materialmen and laborers for site development improvements must be fractionally apportioned according to the number of lots in the development. In order to perfect a lien on the subject property for these claims, the materialman and/or laborer is required to file a disclosure statement detailing the claim. Section 43-3(B) provides:

> no such lien shall be valid as to any lot ... unless the person providing such labor or material shall, *prior to the sale of such lot* ... file with the Clerk of the Circuit Court ... a full disclosure of the nature of the lien to be claimed, the amount claimed against each lot ... and a description of the development.

[Emphasis added.]

The present dispute concerns the interpretation of the statutory language "prior to the sale of such lot." RAM argues that the "sale of such lot" means the sale of the lot by the owner of the lot at the time the work was completed. Thus, RAM contends that the "sale of the lot" means the future sale of the lot by the Jensens. The petitioners argue that the "sale of such lot" means the sale of the lot by the owner obligated to the lienor.

The court agrees with the petitioners. "A mechanic's lien is purely a creature of statute." *Rosser v. Cole*, 237 Va. 572, 576 (1989). "As a result, where there are questions concerning the existence and perfection of such a lien, the mechanic's lien statutes will be strictly construed." *Woodington Electric v. Lincoln Savings*, 238 Va. 623, 630 (1989). *Rosser v. Cole* dealt with a mechanic's lien filed by the contractor who graded and cleared the land to build roads within a subdivision. The Court found that the General Assembly placed certain preconditions on the validity of an extraterritorial lien created pursuant to Va. Code § 43-3(B). These preconditions avoid the danger of bona fide purchasers being unaware of a "secret, floating lien, not recorded in the chains of title to the individual lots." As the contractor in *Rosser* had failed to apportion his claim among the lots, a precondition to perfecting an extraterritorial lien, its mechanic's lien was invalid under Va. Code § 43-3(B).

The applicable precondition in this case concerns the recordation of the disclosure statement prior to the "sale" of any lot. As this statute must be strictly construed, the court must read the plain words of the statute. Va. Code § 43-3(B) fails to define "sale." The court finds that, in the plain words of the statute, "sale" under Va. Code § 43-3(B) means the sale from the owner obligated to the lienor. The disclosure statements here were filed after the sale

to the Jensens was complete; therefore, the liens against Lot 4 are invalid. The Court notes that other trial courts that have considered this issue have reached the same conclusion. *See, Valley Blox, Inc. v. Linpro Chantilly Land, L.P.*, 22 Va. Cir. 364 (Fairfax Cir. Ct. 1991) (sustaining a demurrer to a suit to enforce a mechanic's lien for off-site work because disclosure statement not filed prior to the sale of one of the units of the property); and *Calcourt Properties, Inc. v. Barnes Constr. Co.*, 20 Va. Cir. 202 (Chesterfield Cir. Ct. 1990) (§ 43-3(B) lien "clearly invalid" where lot sold prior to the recordation of disclosure statement).